UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHYSICIAN AND TACTICAL HEALTHCARE SERVICES, LLC, 9 Executive Campus Cherry Hill, NJ 08002, <br>         Plaintiff, <br> v. <br><br> PROSPECT CROZER LLC, 3415 S. Sepulveda Blvd. Los Angeles, CA 90034, <br>         Defendant. | No. _____ <br><br> CIVIL ACTION <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Physician and Tactical Healthcare Services, LLC ("PATHS" or "Plaintiff"), by and through its undersigned attorneys, brings this action against defendant, Prospect Crozer, LLC ("Prospect" or "Defendant"), and alleges as follows:

## PARTIES

1. Plaintiff PATHS is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located in Cherry Hill, New Jersey. PATHS has two members—one is a citizen of Pennsylvania and the other is a citizen of New Jersey. PATHS provides accounts receivable, patient advocacy, and consulting services to healthcare providers.

2. Defendant Prospect is a limited liability company organized under the laws of the State of Delaware with a headquarters located Los Angeles, California. Upon information and belief, Prospect is a citizen of Delaware. In 2016, Prospect acquired Crozer-Keystone Health System n/k/a Crozer Health ("Crozer") which provides inpatient and outpatient medical services through its hospitals, surgery centers, clinics, and doctors' offices located in Pennsylvania.

## JURISDICTION AND VENUE

3. Jurisdiction and venue are appropriate in this Court because the parties consented to the exclusive jurisdiction of the federal and state court of the Commonwealth of Pennsylvania in any action related to or arising out of the Services Agreement (defined below), which is governed by the laws of the Commonwealth of Pennsylvania.

4. This Court has subject matter jurisdiction over the claims against Prospect because there is diversity jurisdiction under 28 U.S.C. § 1332(a) because this action involves a dispute between a citizens of different states and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this judicial district: (i) pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred this judicial district;  or (ii) pursuant to 28 U.S.C. § 1391(b)(2) because Prospect is subject to the Court's personal jurisdiction.

## FACTUAL BACKGROUND

A. **Services Agreement**

1. On November 19, 2008, Crozer entered into a Services Agreement with PATHS ("Initial Agreement").  A true and correct copy of the Services Agreement is attached hereto as Exhibit 1.

2. Pursuant to the Initial Agreement, PATHS agreed to provide Crozer with Medicaid Eligibility services, accounts receivable services, and services relating to healthcare claims resolution.  *See* Exhibits A and B to Initial Agreement.

3. Thereafter, PATHS agreed to provide additional services pursuant to three addenda to the Initial Agreement: (i) Additional Program Services Addendum to Agreement dated April 9, 2010; (ii) Addendum to Services Agreement dated December 1, 2011; and (iii) Additional Program

Service Addendum dated October 1, 2015 (collectively, "Addenda"). True and correct copies of the Addenda are collectively attached hereto as Exhibit 2.

4. The services set forth in the Initial Agreement and Addenda are collectively referred to herein as the "Services".

5. On or about July 1, 2016, Crozer was acquired by Prospect and assigned the Initial Agreement, including the Addenda, to Prospect ("Assignment"). A true and correct copy of the Assignment is attached hereto as Exhibit 3.

6. The Initial Agreement, Addenda, and Assignment are collectively referred to herein as the "Services Agreement".

7. The Services Agreement is a valid and binding contract between PATHS and Prospect.

B. **Relevant Provision of the Services Agreement**

8. Section 2 of the Services Agreement states that Prospect will pay PATHS for the Services within 45 days of invoice presentment.

9. Section 7.2 provides that, upon written notice to Prospect, PATHS shall have the right to suspend the Services if any amount due from Prospect remains unpaid for more than sixty (60) days.

10. Section 7.1 provides that PATHS may terminate the Services Agreement on ten (10) days' written notice if Prospect breaches Section 2 of the Services Agreement.

11. Section 9.9 of the Services Agreement provides that the agreement is governed by the laws of the Commonwealth of Pennsylvania and that the "exclusive jurisdiction" for disputes arising under the Services Agreement are the state and federal courts of the Commonwealth of Pennsylvania.

12. Section 9.9 of the Services Agreement also provides that "the prevailing party in such dispute will have the right to recover fees and expenses."

C. **Prospect Fails to Pay for the Services**

13. At all relevant times, PATHS performed the Services for Prospect and its affiliate Prospect CCMC, LLC d/b/a Crozer Chester pursuant to the Services Agreement.

14. At all relevant times, PATHS issued monthly invoices to Prospect for the Services pursuant to the Services Agreement.

15. Beginning in September 2022 and continuing through July 2023, Prospect failed to timely pay twenty-three (23) invoices ("Unpaid Invoices"). True and correct copies of the Unpaid Invoices are attached collectively hereto as Exhibit 4.

16. On May 19, 2023, PATHS suspended all services to Prospect pursuant to Section 7.2 of the Services Agreement because at least ten (10) of the Unpaid Invoices were sixty (60) days past due.

17. To date, at least seventeen (17) of the Unpaid Invoices are sixty (60) days past due.

## COUNT I
## BREACH OF CONTRACT

8. PATHS repeats and realleges each of the preceding paragraphs as if fully set forth herein.

9. The Services Agreement is a valid and binding contract between PATHS and Prospect.

10. PATHS fully performed all of its obligations to Prospect under the Services Agreement.

11. Prospect breached the Services Agreement by failing to timely pay the Unpaid Invoices.

12. As a direct and proximate result of the Prospect's breach of the Services Agreement, PATHS has suffered damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff, Physician and Tactical Healthcare Services, LLC, demands judgment against Defendant, Prospect Medical Holdings, Inc., and that this Court enter an award for damages in an amount of $189,833.51 plus interest, reasonable attorneys' fees and costs, and such other relief that this Court may deem just and equitable.

### COUNT II
### UNJUST ENRICHMENT
### (In the Alternative)

13. PATHS repeats and realleges each of the preceding paragraphs as if fully set forth herein.

14. PATHS performed the Services for the benefit of Prospect.

15. Prospect did not pay PATHS for the Services.

16. Prospect benefitted from the Services, and PATHS has been impoverished thereby.

17. Prospect's failure to pay PATHS for the Services is without justification.

18. PATHS has no remedy provided by law.

**WHEREFORE**, Plaintiff, Physician and Tactical Healthcare Services, LLC, demands judgment against Defendant, Prospect Medical Holdings, Inc., and that this Court enter an award for damages in an amount of $189,833.51 plus interest, reasonable attorneys' fees and costs, and such other relief that this Court may deem just and equitable.

Dated: September 1, 2023

Respectfully submitted,

**FISHERBROYLES LLP**

 */s/ Maura L. Burke*
Maura L. Burke, Esq.
Attorney ID 308222
One Liberty Place
1650 Market Street, 36th Floor
Philadelphia, PA 19103
Tel. 215-398-5916
maura.burke@fisherbroyles.com

*Counsel for Plaintiff*
*Physician and Tactical Healthcare Services, LLC*